## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATIONAL LABOR RELATIONS BOARD,

        Plaintiff,

v.                            Case No: 07-mc-222-KHV-DJW

MIDWEST HEATING AND
AIR CONDITIONING, INC., et al.,

        Defendants.

### MEMORANDUM AND ORDER

Pending before the Court is a request by the National Labor Relations Board ("NLRB") for an order requiring various entities to obey certain subpoenas duces tecum issued by the NLRB. For the reasons stated below, the NLRB's request for an order for compliance will be granted.

### Factual Background

In March 2004, the NLRB found Midwest Heating and Air Conditioning, Inc. ("MHAC") and its alter ego Midwest Precision Heating and Cooling ("Precision") guilty of unfair labor practices. In May 2005, the Eighth Circuit affirmed this decision and enforced the order issued by the NLRB. The order required the companies to reinstate and make whole the improperly fired employees and to apply the collective-bargaining agreement to employees who continued working for MHAC.

Between May 2005 and April 2006, the NLRB sent seven letters to MHAC and Precision requesting information and documentation to determine whether MHAC and Precision had complied with the court order. In response to these letters, counsel for MHAC and Precision claimed that compliance with the court order could not be accomplished because MHAC and Precision were no longer in business and had been replaced by two new entities, Midwest Heating Cooling & Plumbing, L.L.C. ("MHCP"), and J Cubed, L.L.C. ("J Cubed"). MHCP and J Cubed argued neither of the new entities was liable for any of MHAC's or Precision's unlawful actions because the Eighth Circuit's

order had not mirrored the "successors and assigns" language used by the NLRB in its order.

Given this information, the NLRB determined that the language used by the Eighth Circuit would apply to MHCP and J Cubed if they were, indeed, successor entities. Thus, the NLRB began investigating the issue of whether the new companies were successors to MHAC and Precision. Initial investigation by the NLRB into this issue indicated that the old and new companies were largely the same, "having nearly identical ownership, management, and business purpose between those entities already adjudged alter egos and those that replaced them." In order to follow up on this initial finding, the NLRB regional office issued subpoenas duces tecum to MHCP and J Cubed. Both companies filed petitions requesting the NLRB revoke the subpoenas. The NLRB rejected the petitions. MHCP and J Cubed subsequently chose not to comply with the subpoenas.

In conjunction with the NLRB's investigation of the successor/alter ego status of MHCP and J Cubed between November 2005 and March 2006, the NLRB issued numerous subpoenas duces tecum to third-party entities associated with MHAC/Precision and MHCP/J Cubed. More specifically, a subpoena duces tecum was issued to Lennox International, Inc. ("Lennox"), whom the NLRB had reason to believe was one of MHAC and Precision's materials suppliers and continued in that role for MHCP and J Cubed. A subpoena duces tecum also was issued to Automatic Data Processing, Inc. ("ADP"), whom the NLRB had reason to believe was MHAC's and Precision's payroll service and then continued in that role for MHCP

Neither Lennox nor ADP filed a petition for revocation of the subpoenas. Both companies provided some of the documentation required, but refused to comply with the subpoenas in full, informing the NLRB that they would not fully comply until the subpoenas were accompanied by a court order.

As a result of the chronology of events set forth above, the NLRB filed this Petition seeking a

2

court order requiring MHCP, J Cubed, Lennox, and ADP to fully comply with the subpoenas.  Since filing the Petition, the NLRB has notified the Court that it has resolved the subpoena duces tecum dispute with Lennox and, accordingly, has sought to dismiss Lennox from the Petition.

## The Applicable Law

According to statute, the NLRB has the power to issue subpoenas "requiring the attendance and testimony of witnesses or the production of any evidence" relating to an investigation or in question.[1] "The only limitation upon the power of the [NRLB] to compel the production of documentary or oral evidence is that it must relate to or touch the matter under investigation or in question."[2]  The district courts receive their power to order enforcement of subpoenas by the NLRB by virtue of the National Labor Relations Act.[3]

Congress granted to the NLRB and its agents broad investigatory authority under the National Labor Relations Act, including the power to subpoena any evidence "that relates to any matter under investigation or in question."[4]  The NLRB's investigatory power "is not derived from the judicial function," but rather has been likened to that of a grand jury, which "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."[5]

When called upon to enforce an administrative subpoena, the court is obliged to enforce the subpoena unless it is "plainly incompetent or irrelevant to any lawful purpose" of the agency.[6]  Indeed,

---

[1]29 U.S.C. § 161(1); *see also NLRB v. Dutch Boy, Inc.,* 606 F.2d 929, 931 (10th Cir. 1979).

[2]*Cudahy Packing Co. v. NLRB*, 117 F.2d 692, 694 (10th Cir. 1941).

[3]29 U.S.C. § 161(2).

[4]29 U.S.C. § 161(1); *see also Dutch Boy*, 606 F.2d at 933;  *Cudahy Packing*, 117 F.2d at 694.

[5]*United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950).

[6]*Endicott Johnson Corp. V. Perkins*, 317 U.S. 501, 509 (1943).

the NLRB is empowered to "get information from those who best can give it and those who are most interested in not doing so."[7]  This includes subpoenas to any person (even a non-party to a complaint) who may have information relevant to an investigation.[8]  Thus, the court's role in reviewing the application is narrow: the court must determine whether there is a pending matter before the NLRB and whether the evidence sought in the subpoena "relates to or touches the matter under investigation."

## The Information and Documents Sought

The subpoenas duces tecum at issue seek the following information from MHAC, J Cubed, MHCP, and ADP :

• Payroll records prepared by ADP for Precision, MHAC, MHCP, and J Cubed;

• All correspondence between ADP and Precision, MHAC, MHCP and J Cubed;

• All persons who have ever had a proprietary interest in MHAC, J Cubed and MHCP;

• Names and addresses of the directors and officers MHAC, J Cubed and MHCP;

• Information regarding supervisors or management officials of  MHAC, J Cubed and MHCP;

• Information regarding employees of  MHAC, J Cubed and MHCP;

• Information regarding instances where a J Cubed or MHCP employee worked for MHAC;

• Information regarding instances where an MHAC employee worked for J Cubed or MHCP;

• Information regarding customers of MHAC, J Cubed and MHCP;

• Information regarding bids over $500 by MHAC, J Cubed and MHCP;

• Business addresses and telephone numbers for MHAC, J Cubed and MHCP;

• Information regarding vehicles used by MHAC, J Cubed and MHCP;

• Information regarding equipment used by MHAC, J Cubed and MHCP;

---

[7]*Morton Salt*, 338 U.S. at 642.

[8]*Dutch Boy*, 606 F.2d at 933; *Cudahy Packing*, 117 F.2d at 694.

- Information regarding banks and account numbers for MHAC, J Cubed and MHCP;

- Identification of attorney, accountant, bookkeeper, payroll preparer, and tax preparer for MHAC, J Cubed and MHCP;

- MHAC, J Cubed and MHCP's Annual Reports and tax returns;

- MHAC, J Cubed and MHCP's registered agents;

- MHAC, J Cubed and MHCP's Articles of Incorporation or Organization;

- Information regarding the custodian of business records for MHAC, J Cubed and MHCP;

- Information regarding MHAC, J Cubed and MHCP office space and equipment;

- Information regarding storage warehouses and inventory for MHAC, J Cubed and MHCP;

- Information regarding suppliers and subcontractors for MHAC, J Cubed and MHCP;

- Information regarding lines of credit, worker's compensation and health insurance for MHAC, J Cubed and MHCP

- Information regarding contracts and other business transactions between MHAC, J Cubed, MHCP, Jack Lambert, John Lambert, Jeff Lambert and William Jones;

- Correspondence with customers regarding dissolution of MHAC;

- Correspondence with customers regarding establishment of J Cubed or MHCP;

- Advertisements on behalf of MHAC, MHCP, or J Cubed;

- Information regarding municipal licensing for MHAC, MHCP, or J Cubed;

- Information regarding capitalization for MHAC, MHCP, or J Cubed;

- Information regarding termination of MHAC's operations;

- Information regarding transfer of funds between MHAC, MHCP, and J Cubed;

- Information regarding the percentage of plumbing work versus heating and air conditioning work performed by MHAC, MHCP, and J Cubed.

## Discussion

Respondents' oppose the subpoenas at issue on grounds that (1) the Court lacks jurisdiction over J Cubed; (2) the subpoenas request information unrelated to a matter under investigation by the NLRB; (3) the subpoenas are overly broad and unduly burdensome; and (4) enforcement of the subpoenas would constitute an abuse of process.

**1.     The Court's Jurisdiction Over J Cubed**

As was set forth in the NLRB's Application, the National Labor Relations Act provides that "any district court of the United States . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered . . . ." Consistent with the bounds of reasonableness, subpoena enforcement may be sought in any district where the investigation is undertaken.[9]

Here, the investigation is being carried out from the NLRB's Regional Office in Overland Park, Kansas. While J Cubed may not have a presence in the Court's jurisdiction, it is reasonable to bring the subpoena enforcement action in this Court, not only because the inquiry is being conducted in Overland Park, but also because J Cubed's registered agent, Thomas Moore, is located in Kansas City, Missouri, within ten miles of the Regional Office, and the Court. Additionally, the owners of J Cubed are also located in Kansas City, Missouri. Under the facts presented here, the Court finds it is reasonable to enforce the subpoena in this district.

---

[9]*See NLRB v. Line*, 50 F.3d 311, 313-314 (5th Cir. 1995).

2.      **Information Requested Must Be Related to a Matter Under Investigation by the NLRB**

Respondents are correct in stating that if subpoenas are issued for an improper purpose, or in excess of the NLRB's authority, the subpoenas may constitute harassment and may not be enforced in federal district court.[10]   The Tenth Circuit case cited by Respondent in support of this proposition, however,  went on to hold that the subpoenas in that case were not intended to harass the respondent, nor were they an abuse of process.[11] Instead, the court in *Dutch Boy* found that the evidence sought in the subpoenas appropriately related to or touched on a matter under investigation.  Thus, the court enforced the NLRB subpoenas.

In this case, the NLRB states its preliminary investigation shows that MHCP and J Cubed are owned and managed by nearly identical individuals and are operating the same type of business, from the same address, with the same telephone numbers used by MHAC. The Court finds the information and documents requested in the subpoenas are adequately formulated to determine whether MHAC is really out of business or whether MHCP and J Cubed are legal successors to MHAC.   It is immaterial to the Court's finding of relevancy that MHAC was the only entity subject to the Eighth Circuit order and that MHCP and J Cubed were not parties to the underlying case.  Again, a preliminary investigation by the NLRB shows that MHCP and J Cubed are owned and managed by nearly identical individuals and are operating the same type of business, from the same address, with the same telephone numbers used by MHAC.  It is the legal successor issue that is at the heart of the NLRB's investigation at this point.  As such, the Court finds that the evidence sought in the subpoenas is appropriately related to or touches on a matter under investigation.

---

[10]*Dutch Boy*, 606 F.2d at 933.

[11]*Id.*

**3.    Undue Burden and Overbreadth**

Respondents contend that the subpoenas issued to them are overly broad and oppressively drawn.  As here, where the NLRB has established that it properly issued relevant subpoenas to Respondents, such subpoenas "should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overly broad or unduly burdensome."[12]  The courts have made clear that "[s]ome burden on subpoenaed parties is to be expected and is necessary in the furtherance of the agency's legitimate inquiry and the public interest . . . .  The question is whether the demand is unduly burdensome or unreasonably broad." [13]

**A.    Undue Burden**

The burden to demonstrate undue burden rests with the party resisting compliance.[14]  This burden "is not easily met."[15]  To demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena "would seriously disrupt its normal business operations."[16] This standard has been adopted by the Tenth Circuit.[17]

Here, Respondents have not made the required showing of serious disruption. Respondents merely makes the conclusory allegation they have no access to, and no responsibility for maintaining,

---

[12]*FDIC v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997) (quoting *Children's Hospital Medical Center of Northern California*, 719 F.2d 1426, 1428 (10th Cir. 1941)).

[13]*FTC v. Texaco*, 555 F.2d 862, 882 (D.C. Cir.), *cert. denied*, 431 U.S. 974 (1977).

[14]*Garner*, 126 F.3d at 1146 (citing *United States v. Stuart*, 489 U.S. 353, 360 (1989)).

[15]*EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir.), *cert. denied*, 479 U.S. 815 (1986). *See also North Bay Plumbing, Inc.*, 102 F.3d 1005, 1008 (9th Cir. 1996); *Interstate Dress Carriers*, 610 F.2d 99, 112 (3d Cir. 1979) ("[T]he burden on the party to whom the subpoena is addressed is not a meager one").

[16]*Maryland Cup Corp.*, 785 F.2d at 477.

[17]*See e.g. EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993).

many of the documents requested.   Such allegations do not constitute evidence that Respondents'

normal business operations will be seriously disrupted if it produces the documents that are under their

custody and control.   The fact that the NLRB may have included in its subpoena requests for

information that Respondents do not have in their custody or control does not render the subpoena

oppressively drawn.

There Court finds the subpoenas are wide-reaching in an attempt to thoroughly explore the

relationship between and among the companies. While it would certainly be a burden for any person

or entity to comply with the subpoenas, the Court finds that, under the circumstances of this case, the

subpoenas are not *unduly* burdensome. To confirm or dispel the NLRB's suspicions that the new

companies are simply disguised continuances of MHAC, the NLRB is acting reasonably and within is

broad investigatory powers to examine relevant records and transactions.

**B.      Overbreadth**

Although the scope of the subpoenas issued are broad in terms of subject matter and time-frame,

the Court finds the scope is appropriately tailored to the nature of the investigation at hand.   MHAC

denies MHCP and J Cubed are legal successors in interest.   Given the complexity of the underlying

issues of derivative liability of alter egos and successor employers, the NLRB must necessarily

undertake a fairly wide-ranging investigation into the day-to-day affairs of these companies to make

a determination on this issue. [18]

---

[18]*See National Labor Relations Bd. v. All Seasons Const., Inc.*, Misc. No. 06-0045, 2007 WL 471357 (W.D. La. Feb. 7, 2007) (discussing the broad language of the NLRB's subpoena and holding it was not overly broad or burdensome).

**4.      Abuse of Process**

It is the court's process which is invoked to enforce the administrative subpoena and a court may not permit its process to be abused.  Such an abuse would take place if the subpoena had been issued for an improper purpose, such as to harass the Respondents or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on Respondents, and it is not met by conclusory allegations of bad faith.[19]   Here, the Court finds Respondents do not meet their burden of demonstrating abuse of process as they have failed to allege any facts alleging an improper purpose or bad faith on the part of the NLRB in issuing the subpoena.

**5.      NLRB Request for Attorney's Fees and Costs**

Because the Court will compel Respondents to comply with the investigative subpoenas issued by the NLRB, the Court must address the NLRB's contention that it is entitled to associated attorney's fees and costs – namely, the attorney's fees incurred by the NLRB in filing its request for enforcement. The NLRB argues that such relief is appropriate where the subpoenaed party has no legitimate objection to compliance with the subpoenas. In support of its argument, the NLRB cites several discovery decisions in which sanctions were awarded pursuant to Fed. R. Civ. P. 37.[20]   In their responsive briefing, Respondents fail to respond to the NLRB's request for fees and costs.

Neither § 161(1) nor § 161(2) has any provision regarding payment of attorney fees or costs incurred in enforcing a subpoena in district court. The only basis for allowing fees or costs is under § 161(2), when "failure to obey such order of the court may be punished by said court as a contempt

---

[19]*United States v. Am. Target Adver., Inc.*, 257 F.3d 348, 354 (4th Cir. 2001) ("The burden of demonstrating an abuse of process is on the party challenging the investigation") (citing *United States v. Powell*, 379 U.S. 48, 58 (1964)).

[20]*N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F.Supp.2d 991 (N.D. Cal. 2004); *N.L.R.B. v. Coughlin*, No. 4:04-MC-8, 2005 WL 850964 (S.D. Ill. March 4, 2005); *N.L.R.B. v. Baywatch Sec. and Investigations*, No. H-04-220, 2005 WL 1155109 (S.D. Tex. April 28, 2005)

10

thereof." This provision, however, applies only when the district court has already issued an order enforcing compliance to the subpoena and the party disobeys the order.[21] It does not appear that the statute would cover costs incurred in filing a motion to enforce compliance.

While there does not appear to be any basis for fees and costs under § 161 of the NLRA, such a provision may be found in Federal Rule of Civil Procedure 81. Rule 81 covers applicability of the Federal Rules to particular proceedings. Rule 81(a)(3) provides that "these rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings."[22] Further, Rule 81(a)(5) refers specifically to the applicability of the Rules to the NRLB, providing that "these rules do not alter practice in the U.S. district court of 29 U.S.C. §§ 159- 160, for beginning and conducting proceedings to enforce orders of the National Labor Relations Board; and in respects not covered by those statutes, the practice in the district courts shall conform to these rules so far as applicable." Accordingly, the Court concludes that, because §§ 161(1) and (2) are silent on the matter of attorney's fees and costs with respect to a motion to enforce a subpoena, the Federal Rules are applicable pursuant to Rule 81(a)(3) and (5).

Here, the administrative subpoenas were issued to MHCP, J Cubed, Lennox, and ADP – none of whom were parties to the underlying unfair labor practice decision. Thus, the applicable rule in this instance is not Rule 37, which authorizes the court to sanction a *party*, but instead is Rule 45, which

----

[21]*See* 29 U.S.C. § 161(2).

[22]The advisory committee notes for Rule 81 state that, under Rule 81(a)(3), the "[federal] rules apply to appeals from proceedings to enforce administrative subpoenas." The notes also state that, "although the provision allows full recognition of the fact that the rigid application of the rules in the proceedings themselves may conflict with the summary determination desired, it is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful."

applies to compliance with a subpoena served on a non-party.  Thus, the cases cited by the NLRB in support of Rule 37 sanctions are inapplicable.[23]

Unlike Rule 37, Rule 45 contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena duces tecum. Specifically, Rule 45(e) provides as the only means to enforce that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  Thus, sanctions are appropriate under Rule 45 only if a nonparty is declared in contempt on the basis of its failure to comply with subpoena.

Here, the subpoenas duces tecum served upon the non-party witnesses were issued by an administrative agency without this Court's involvement.  Although compliance with the subpoena is mandatory, the Court finds that an administrative subpoena issued by the NLRB without any court involvement is not the same as an order issued by a judicial officer in the resolution of a specific dispute. Given, at this juncture, Respondents have not violated this Court's order enforcing the administrative subpoena and compelling compliance, a finding of contempt in the form of sanctions pursuant to Fed. R. Civ. P. 45 simply is not appropriate. Accordingly, the request for attorney's fees incurred by the NLRB in filing its request for enforcement will be denied without prejudice to refiling should Respondents fail to comply with the terms of this Memorandum and Order.

For the reasons stated above, it is hereby ordered that the Application (doc. 1) filed by the NLRB for an order requiring the referenced entities to obey certain subpoenas duces tecum issued by the NLRB is granted and the request for attorney's fees and costs is denied without prejudice.  Respondents shall comply with the subpoenas duces tecum at issue by **February 1, 2008**.

---

[23]*See* cases cited at footnote 20.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of December, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties