IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL LABOR RELATIONS BOARD, )
)
                   Applicant, )
) MISC. ACTION
v. )
) No. 07-222-KHV
MIDWEST HEATING AND AIR CONDITIONING, )
INC., et al., )
)
                   Respondents. )
_____)

**MEMORANDUM AND ORDER**

On August 14, 2007, the National Labor Relations Board ("NLRB") filed an Application For A Summary Order Requiring Obedience To Investigative Subpoenas (Doc. #1). On December 19, 2007, Magistrate Judge David J. Waxse sustained the NLRB's application and ordered respondents to comply with the subpoenas duces tecum by February 1, 2008. See Memorandum And Order (Doc. #12). On January 15, 2008, Judge Waxse sustained respondents' motion to stay execution of his order pending review by this Court. See Doc. #20. This matter comes before the Court on Midwest Heating Cooling & Plumbing, LLC And J. Cubed, LLC's Objections To Judge Waxse's Memorandum And Order (Doc. #15) filed January 3, 2008. For reasons stated below, the Court overrules respondents' motion.

**Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see Burton

v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

**Factual And Procedural Background**

In March of 2004, the NLRB found Midwest Heating and Air Conditioning, Inc. ("MHAC") and its alter ego Midwest Precision Heating and Cooling ("Precision") guilty of unfair labor practices. The NLRB order required the companies to reinstate and make whole the improperly fired employees and to apply the collective bargaining agreement to MHAC employees. In May of 2005, the Eighth Circuit affirmed the NLRB decision. Between May of 2005 and April of 2006, the NLRB sent seven letters to MHAC and Precision requesting information and documentation to determine whether they had complied with the order. In response, counsel for MHAC and Precision claimed that MHAC and Precision were no longer in business and had been replaced by two new entities, Midwest Heating Cooling & Plumbing, L.L.C. ("MHCP"), and J Cubed, L.L.C. ("J Cubed"). MHCP and J Cubed argued that they were not liable for the unlawful actions of MHAC or Precision because the Eighth Circuit order did not mirror the "successors and assigns" language which the NLRB had used in its order. The NLRB then determined that the Eighth Circuit language would apply to MHCP and J Cubed if they were indeed successor entities. The NLRB began to investigate whether the new companies were successors to MHAC and Precision. The NLRB's initial investigation indicated that the old and new companies were largely the same in that they had

nearly identical ownership, management and business purposes. To follow up on this initial finding, the NLRB regional office issued subpoenas duces tecum to MHCP and J Cubed. Both companies filed petitions asking the NLRB to revoke the subpoenas. The NLRB rejected the petitions. MHCP and J Cubed chose not to comply with the subpoenas.

In conjunction with the NLRB investigation of the successor/alter ego status of MHCP and J Cubed, the NLRB issued numerous subpoenas duces tecum to third-party entities including Lennox International, Inc. and Automatic Data Processing, Inc. ("ADP"). Neither Lennox nor ADP filed a petition for revocation of the subpoenas. Both companies provided some documents but refused to comply with the subpoenas in full. They informed the NLRB that they would not fully comply without a court order.

The subpoenas duces tecum at issue seek the following information from MHAC, J Cubed, MHCP and ADP:

- Payroll records prepared by ADP for Precision, MHAC, MHCP, and J Cubed;
- All correspondence between ADP and Precision, MHAC, MHCP and J Cubed;
- All persons who have ever had a proprietary interest in MHAC, J Cubed and MHCP;
- Names and addresses of the directors and officers MHAC, J Cubed and MHCP;
- Information regarding supervisors or management officials of MHAC, J Cubed and MHCP;
- Information regarding employees of MHAC, J Cubed and MHCP;
- Information regarding instances where a J Cubed or MHCP employee worked for MHAC;
- Information regarding instances where an MHAC employee worked for J Cubed or MHCP;
- Information regarding customers of MHAC, J Cubed and MHCP;
- Information regarding bids over $500 by MHAC, J Cubed and MHCP;
- Business addresses and telephone numbers for MHAC, J Cubed and MHCP;
- Information regarding vehicles used by MHAC, J Cubed and MHCP;
- Information regarding equipment used by MHAC, J Cubed and MHCP;
- Information regarding banks and account numbers for MHAC, J Cubed and MHCP;
- Identification of attorney, accountant, bookkeeper, payroll preparer, and tax preparer for MHAC, J Cubed and MHCP;

- MHAC, J Cubed and MHCP's Annual Reports and tax returns;
- MHAC, J Cubed and MHCP's registered agents;
- MHAC, J Cubed and MHCP's Articles of Incorporation or Organization;
- Information regarding the custodian of business records for MHAC, J Cubed and MHCP;
- Information regarding MHAC, J Cubed and MHCP office space and equipment;
- Information regarding storage warehouses and inventory for MHAC, J Cubed and MHCP;
- Information regarding suppliers and subcontractors for MHAC, J Cubed and MHCP;
- Information regarding lines of credit, worker's compensation and health insurance for MHAC, J Cubed and MHCP
- Information regarding contracts and other business transactions between MHAC, J Cubed, MHCP, Jack Lambert, John Lambert, Jeff Lambert and William Jones;
- Correspondence with customers regarding dissolution of MHAC;
- Correspondence with customers regarding establishment of J Cubed or MHCP;
- Advertisements on behalf of MHAC, MHCP, or J Cubed;
- Information regarding municipal licensing for MHAC, MHCP, or J Cubed;
- Information regarding capitalization for MHAC, MHCP, or J Cubed;
- Information regarding termination of MHAC's operations;
- Information regarding transfer of funds between MHAC, MHCP, and J Cubed;
- Information regarding the percentage of plumbing work versus heating and air conditioning work performed by MHAC, MHCP, and J Cubed.

## **Analysis**

The NLRB seeks a court order requiring MHCP, J Cubed and ADP to fully comply with the subpoenas.[1] Respondents oppose the subpoenas on the following grounds: (1) the Court lacks jurisdiction over J Cubed; (2) the subpoenas request information unrelated to a matter under investigation by the NLRB; (3) the subpoenas are overly broad and unduly burdensome; and (4) enforcement of the subpoenas would constitute an abuse of process. The magistrate rejected each argument and ordered respondents to obey the subpoenas duces tecum. Respondents MHCP and J Cubed assert that this ruling is clearly erroneous and contrary to law. The Court addresses each

---

[1] After filing the petition, the NLRB notified the Court that it had resolved the dispute with Lennox and, accordingly, the Court dismissed Lennox.

objection in turn.[2]

## I.    Jurisdiction Over J Cubed

Respondents object to the magistrate's conclusion that this Court has jurisdiction over J Cubed.  The magistrate ruled as follows:

> [T]he National Labor Relations Act provides that "any district court of the United States . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered . . . ." NLRB v. Line, 50 F.3d 311, 313-314 (5th Cir. 1995).  Consistent with the bounds of reasonableness, subpoena enforcement may be sought in any district where the investigation is undertaken.
>
> Here, the investigation is being carried out from the NLRB's Regional Office in Overland Park, Kansas.  While J Cubed may not have a presence in the Court's jurisdiction, it is reasonable to bring the subpoena enforcement action in this Court, not only because the inquiry is being conducted in Overland Park, but also because J Cubed's registered agent, Thomas Moore, is located in Kansas City, Missouri, within ten miles of the Regional Office, and the Court.  Additionally, the owners of J Cubed are also located in Kansas City, Missouri.  Under the facts presented here, the Court finds it is reasonable to enforce the subpoena in this district.

Memorandum And Order (Doc. #12) filed December 19, 2007 at 6.  Respondents assert that its jurisdiction is not proper merely because the NLRB's regional office happens to be in Overland Park.  They argue that J Cubed has no presence in Kansas and no contacts with Kansas.  Respondents assert that jurisdiction is proper in Missouri, where they contend the inquiry is "carried on."

---

[2]    As a preliminary matter, respondents assert that the NLRB required its Regional Office to supply subpoenaed witnesses "a general description of the matters concerning which they will be expected to testify." National Labor Relations Order (January 26, 2007) attached as Exhibit 2 to Midwest Heating Cooling & Plumbing, LLC and J Cubed, LLC's Objections To Judge Waxse's Memorandum And Order (Doc. #15) at 1-2. Respondents assert that the subpoenas which they have received do not comply with that Order.  The NLRB correctly responds that the portion of the Order to which respondents refer addresses subpoenas ad testificandum which the Regional Office issued and are not before the Court at this time. See Reply (Doc. #18) filed January 8, 2008 at 2, n.1.

In NLRB v. Cooper Tire & Rubber, 438 F.3d 1198, 1201 (D.C. Cir. 2006), the D.C. Circuit set out a two-part test to determine the location of an investigative inquiry for purposes of district court jurisdiction to enforce agency subpoenas: (1) whether the location bears a sufficiently reasonable relation to the subject matter of the investigation and (2) whether the agency's choice of this location exceeds the bounds of reasonableness. See id. (NLRB may not simply pick forum convenient to legal staff, while possibly forcing subpoenaed party to go to court in distant and inconvenient jurisdiction).  The D.C. Circuit identified several factors to consider in applying the two-part test, including the place where the agency held its hearing, the place where it made the decision to authorize the investigation, the place where the subpoenas were issued, the place where its correspondence emanated, the place where the agency determined that unlawful actions had occurred, the location of the documents and witnesses and the location of the headquarters of the subpoenaed company. Id. (citing FEC v. Comm. To Elect Lyndon La Rouche, 613 F.2d 849, 855 (D.C. Cir. 1979)).

Although the magistrate did not cite the two-part test or the factors set out in Cooper Tire, the facts support his finding that this Court has jurisdiction. The NLRB issued the subpoenas in the District of Kansas and it is conducting its investigation from its office in Overland Park, Kansas. Further, although J Cubed asserts that it has no contacts with the forum, its owners are nearly identical to the owners of MHCP, which is subject to this Court's jurisdiction.  Finally, the magistrate noted that the registered agent for J Cubed is located in Kansas City, Missouri, within ten miles of the Regional Office and the Court.  Respondents have not shown that the magistrate's jurisdictional ruling is clearly erroneous or contrary to law.

**II.     Whether The Subpoenas Request Evidence Related To Matter Under Investigation**

Respondents assert that the information sought by MHCP and J. Cubed subpoenas clearly go beyond the limits of the NLRB's authority. The magistrate noted that if the NLRB issued the subpoenas for an improper purpose, or in excess of its authority, they may constitute harassment and may not be enforced in federal district court. See NLRB v. Dutch Boy, Inc., 606 F.2d 929, 931-32 (10th Cir. 1979). The magistrate then found as follows:

> In this case, the NLRB states its preliminary investigation shows that MHCP and J Cubed are owned and managed by nearly identical individuals and are operating the same type of business, from the same address, with the same telephone numbers used by MHAC. The Court finds the information and documents requested in the subpoenas are adequately formulated to determine whether MHAC is really out of business or whether MHCP and J Cubed are legal successors to MHAC. It is immaterial to the Court's finding of relevancy that MHAC was the only entity subject to the Eighth Circuit order and that MHCP and J Cubed were not parties to the underlying case. Again, a preliminary investigation by the NLRB shows that MHCP and J Cubed are owned and managed by nearly identical individuals and are operating the same type of business, from the same address, with the same telephone numbers used by MHAC. It is the legal successor issue that is at the heart of the NLRB's investigation at this point. As such, the Court finds that the evidence sought in the subpoenas is appropriately related to or touches on a matter under investigation.

Memorandum And Order (Doc. #12) at 7. The Court has carefully reviewed the briefs and record, and is satisfied that the magistrate's ruling is not clearly erroneous or contrary to law.

### III.   Undue Burden And Overbreadth

Respondents asserts that the magistrate erred in finding that the subpoenas were not overly broad and oppressively drawn. Where the NLRB has established that it properly issued relevant subpoenas, the Court should enforce them "unless the party being investigated proves the inquiry is unreasonable because it is overly broad or unduly burdensome." FDIC v. Garner, 126 F.3d 1138, 1143 (9th Cir. 1997). The magistrate correctly noted that "'[s]ome burden on subpoenaed parties is to be expected and is necessary in the furtherance of the agency's legitimate inquiry and the public

interest' . . . . The question is whether the demand is unduly burdensome or unreasonably broad." Memorandum And Order (Doc. #12) at 8 (quoting FTC v. Texaco, 555 F.2d 862, 882 (D.C. Cir. 1977)). The subpoenaed party must show that compliance with the subpoena "would seriously disrupt its normal business operations." EEOC v. Md. Cup Corp., 785 F.2d 471, 477 (4th Cir. 1986); see EEOC v. Citicorp Diners Club, Inc., 985 F.2d 1036, 1040 (10th Cir. 1993). The magistrate cited the correct standard, then reasoned as follows:

> Here, Respondents have not made the required showing of serious disruption. Respondents merely make[] the conclusory allegation they have no access to, and no responsibility for maintaining, many of the documents requested. Such allegations do not constitute evidence that Respondents' normal business operations will be seriously disrupted if it produces the documents that are under their custody and control. The fact that the NLRB may have included in its subpoena requests for information that Respondents do not have in their custody or control does not render the subpoena oppressively drawn.
>
> There[fore the] Court finds the subpoenas are wide-reaching in an attempt to thoroughly explore the relationship between and among the companies. While it would certainly be a burden for any person or entity to comply with the subpoenas, the Court finds that, under the circumstances of this case, the subpoenas are not unduly burdensome. To confirm or dispel the NLRB's suspicions that the new companies are simply disguised continuances of MHAC, the NLRB is acting reasonably and within is broad investigatory powers to examine relevant records and transactions.

Doc. #12 at 8-9. The magistrate's finding of no undue burden is not clearly erroneous or contrary to law.

As for overbreadth, the magistrate found as follows:

> Although the scope of the subpoenas issued are broad in terms of subject matter and time-frame, the Court finds the scope is appropriately tailored to the nature of the investigation at hand. MHAC denies MHCP and J Cubed are legal successors in interest. Given the complexity of the underlying issues of derivative liability of alter egos and successor employers, the NLRB must necessarily undertake a fairly wide-ranging investigation into the day-to-day affairs of these companies to make a determination on this issue.

Id. at 9. The magistrate's finding that the subpoenas are not overbroad is not clearly erroneous or contrary to law.

**IV.   Abuse Of Process**

Finally, respondents assert that the magistrate erroneously found that the NLRB did not abuse process in issuing the subpoenas. The burden of demonstrating an abuse of process is on the party challenging the investigation. United States v. Am. Target Adver., Inc., 257 F.3d 348, 354 (4th Cir. 2001) (citing United States v. Powell, 379 U.S. 48, 58 (1964)). The magistrate cited the correct legal standard, and ruled as follows:

> It is the court's process which is invoked to enforce the administrative subpoena and a court may not permit its process to be abused. Such an abuse would take place if the subpoena had been issued for an improper purpose, such as to harass the Respondents or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on Respondents, and it is not met by conclusory allegations of bad faith. Here, the Court finds Respondents do not meet their burden of demonstrating abuse of process as they have failed to allege any facts alleging an improper purpose or bad faith on the part of the NLRB in issuing the subpoena.

Doc. #12 at 9 (footnotes omitted). The Court finds that the magistrate's ruling is not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Midwest Heating Cooling & Plumbing, LLC And J. Cubed, LLC's Objections To Judge Waxse's Memorandum And Order (Doc. #15) filed January 3, 2008 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that respondents shall comply with the subpoenas duces tecum at issue by **June 25, 2008**.

Dated this 20th day of May, 2008 at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court
