## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) | |
| | ) | |
| Applicant, | ) | |
| | ) | MISC. ACTION |
| v. | ) | |
| | ) | No. 07-222-KHV |
| MIDWEST HEATING AND AIR CONDITIONING, | ) | |
| INC., et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On August 14, 2007, the National Labor Relations Board ("NLRB") filed an Application For A Summary Order Requiring Obedience To Investigative Subpoenas (Doc. #1). On December 19, 2007, Magistrate Judge David J. Waxse sustained the NLRB application and ordered respondents to comply with the subpoenas duces tecum by February 1, 2008. See Memorandum And Order (Doc. #12). On May 20, 2008, this Court overruled objections to Judge Waxse's ruling by Midwest Heating Cooling & Plumbing, LLC and J Cubed, LLC. See Doc. #21. This matter comes before the Court on Midwest Heating Cooling & Plumbing, LLC And J. Cubed, LLC's Motion To Reconsider Memorandum And Order Dated May 20, 2008 (Doc. #22) filed May 28, 2008. For reasons set forth below, the Court finds that the motion for reconsideration should be overruled.

## Legal Standards

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F.Supp. 1349, 1360 (D. Kan. 1996).

A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash argument or to dress up arguments that previously failed.  See Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994).  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

### Factual And Procedural Background

In March of 2004, the NLRB found Midwest Heating and Air Conditioning, Inc. ("MHAC") and its alter ego Midwest Precision Heating and Cooling ("Precision") guilty of unfair labor practices.  The NLRB order required the companies to reinstate and make whole the improperly fired employees and to apply the collective bargaining agreement to MHAC employees.  In May of 2005, the Eighth Circuit affirmed the NLRB decision.  Between May of 2005 and April of 2006, the NLRB sent seven letters to MHAC and Precision requesting information and documentation to determine whether they had complied with its order.  Thomas Moore, counsel for MHAC and Precision, responded that the two companies were no longer in business.  See Moore Letter Dated July 29, 2005,  attached as Ex. 13 to Application For Order Requiring Obedience To Investigative Subpoenas And Memorandum In Support ("Application") (Doc. #1) at 1.  Moore stated that John Lambert and Jeff Lambert, two former owners of MHAC and Precision, now owned two other businesses – Midwest Heating Cooling & Plumbing, L.L.C. ("MHCP") and J Cubed, L.L.C. ("J Cubed").  See id. at 2.  Moore also indicated that J Cubed distributed materials and owned real estate, equipment, vehicles and tools, and that MHCP employed individuals who performed heating, cooling and plumbing work.  See id.

In later letters to the NLRB, Moore asserted that MHCP and J Cubed were not liable for the unlawful actions of MHAC and Precision because the Eighth Circuit order did not include the "successors and assigns" language which the NLRB had used in its order. <u>See</u> Moore Letter Dated January 4, 2006, attached as Ex. 18 to <u>Application</u> (Doc. #1) at 1; Moore Letter Dated March 1, 2006, attached as Ex. 15 to <u>Application</u> (Doc. #1) at 1. The NLRB interpreted the Eighth Circuit order as applying to successor entities to MHAC and Precision. Moreover, because the old and new companies had very similar ownership, management and business purposes, the NLRB suspected that the new companies were successor companies. The NLRB regional office issued subpoenas duces tecum to MHCP and J Cubed to obtain more information on the successor issue. Both companies filed petitions asking the NLRB to revoke the subpoenas. The NLRB rejected the petitions, and MHCP and J Cubed chose not to comply with the subpoenas.

In conjunction with the NLRB investigation of the successor/alter ego status of MHCP and J Cubed, the NLRB issued subpoenas duces tecum to third-party entities including Lennox International, Inc. and Automatic Data Processing, Inc. ("ADP"). Neither Lennox nor ADP filed a petition to revoke the subpoenas. Both companies provided some documents but refused to comply in full and informed the NLRB that they would not fully comply without a court order.

The subpoenas duces tecum at issue in this proceeding seek the following information from MHAC, J Cubed, MHCP and ADP:

- Payroll records prepared by ADP for Precision, MHAC, MHCP and J Cubed;
- All correspondence between ADP and Precision, MHAC, MHCP and J Cubed;
- All persons who have ever had a proprietary interest in MHAC, J Cubed and MHCP;
- Names and addresses of the directors and officers of MHAC, J Cubed and MHCP;
- Information regarding supervisors or management officials of MHAC, J Cubed and MHCP;
- Information regarding employees of MHAC, J Cubed and MHCP;

- Information regarding instances where a J Cubed or MHCP employee worked for MHAC;
- Information regarding instances where an MHAC employee worked for J Cubed or MHCP;
- Information regarding customers of MHAC, J Cubed and MHCP;
- Information regarding bids over $500 by MHAC, J Cubed and MHCP;
- Business addresses and telephone numbers for MHAC, J Cubed and MHCP;
- Information regarding vehicles used by MHAC, J Cubed and MHCP;
- Information regarding equipment used by MHAC, J Cubed and MHCP;
- Information regarding banks and account numbers for MHAC, J Cubed and MHCP;
- Identification of attorney, accountant, bookkeeper, payroll preparer and tax preparer for MHAC, J Cubed and MHCP;
- MHAC, J Cubed and MHCP's Annual Reports and tax returns;
- MHAC, J Cubed and MHCP's registered agents;
- MHAC, J Cubed and MHCP's Articles of Incorporation or Organization;
- Information regarding the custodian of business records for MHAC, J Cubed and MHCP;
- Information regarding MHAC, J Cubed and MHCP office space and equipment;
-Information regarding storage warehouses and inventory for MHAC, J Cubed and MHCP;
- Information regarding suppliers and subcontractors for MHAC, J Cubed and MHCP;
- Information regarding lines of credit, worker's compensation and health insurance for MHAC, J Cubed and MHCP;
- Information regarding contracts and other business transactions between MHAC, J Cubed, MHCP, Jack Lambert, John Lambert, Jeff Lambert and William Jones;
- Correspondence with customers regarding dissolution of MHAC;
- Correspondence with customers regarding establishment of J Cubed or MHCP;
- Advertisements on behalf of MHAC, MHCP or J Cubed;
- Information regarding municipal licensing for MHAC, MHCP or J Cubed;
- Information regarding capitalization for MHAC, MHCP or J Cubed;
- Information regarding termination of MHAC's operations;
- Information regarding transfer of funds between MHAC, MHCP and J Cubed;
- Information regarding the percentage of plumbing work versus heating and air conditioning work performed by MHAC, MHCP and J Cubed.

The NLRB filed this suit, seeking a court order requiring MHCP, J Cubed and ADP to fully comply with the subpoenas.[1]   Respondents opposed the subpoenas, asserting that (1) the Court lacks

---

[1]       After filing the petition, the NLRB notified the Court that it had resolved the dispute with Lennox and the Court therefore dismissed Lennox.

jurisdiction over J Cubed; (2) the subpoenas request information unrelated to a matter under investigation by the NLRB; (3) the subpoenas are overly broad and unduly burdensome; and (4) enforcement of the subpoenas would constitute an abuse of process. Judge Waxse rejected each argument and ordered respondents to obey the subpoenas duces tecum. Respondents filed objections, raising the same four arguments. This Court reviewed Judge Waxse's decision for clear error and overruled respondents' objections.

### Analysis

In their motion to reconsider, respondents correctly point out that this Court erred when it reviewed Judge Waxse's ruling on the NLRB application under a "clearly erroneous and contrary to law" standard. The NLRB applied to the Court to compel production of evidence in a special proceeding under 29 U.S.C. § 161(2), which provides as follows:

> In case of contumacy or refusal to obey a [subpoena] issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

19 U.S.C. § 161(2). Unlike typical pretrial motions which district judges routinely refer to magistrate judges, the question of subpoena enforcement was not ancillary to the case. Judge Waxse's decision therefore was not a pretrial determination of a motion collateral to the main proceeding before the Court, but a final decision which disposed entirely of the case. The Federal Magistrate's Act, 28 U.S.C. § 636, distinguishes between regular pretrial matters, which a magistrate judge may decide, and dispositive matters which have a preclusive effect on the parties, about which

the magistrate judge may only make a recommendation to the court.[2]  See NLRB v. Frasier, 966 F.2d 812, 818 (3rd Cir. 1992).  A district judge must review de novo those portions of the magistrate judge's report or recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(C).  Because the Board's application was dispositive, this Court should have applied the de novo standard set forth in Section 636(b)(1)(C).  See Frasier, 966 F.2d 612 at 818.  In the Court's de novo review, it must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."  See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).

In their motion to reconsider, respondents again argue that the Court should quash the subpoenas because (1) the Court lacks jurisdiction over J Cubed; (2) the subpoenas request information unrelated to a matter under investigation by the NLRB; (3) the subpoenas are overly broad and unduly burdensome; and (4) enforcement of the subpoenas would constitute an abuse of process.  The Court has carefully conducted a de novo review of the record and addresses each objection in turn.

## I.    Jurisdiction Over J Cubed

Respondents object to Judge Waxse's conclusion that this Court has jurisdiction over J Cubed.  29 U.S.C. § 161(2) set outs jurisdiction to enforce an NLRB subpoena, as follows:

> In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to

---

[2]    The Federal Magistrate's Act provides that a district judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except for eight specified motions.  See 28 U.S.C. § 636(b)(1)(A).  The "excepted" motions include motions to dismiss for failure to state a claim upon which relief can be granted and motions for summary judgment.  Under Section 636(b)(1)(B), a district judge may designate a magistrate judge to submit to the Court proposed findings of fact and recommendations for the disposition of the "excepted" motions.

obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered . . . .

29 U.S.C. §161(2).  In applying Section 161(2), Judge Waxse reasoned as follows:

> Here, the investigation is being carried out from the NLRB's Regional Office in Overland Park, Kansas.  While J Cubed may not have a presence in the Court's jurisdiction, it is reasonable to bring the subpoena enforcement action in this Court, not only because the inquiry is being conducted in Overland Park, but also because J Cubed's registered agent, Thomas Moore, is located in Kansas City, Missouri, within ten miles of the Regional Office, and the Court.  Additionally, the owners of J Cubed are also located in Kansas City, Missouri.  Under the facts presented here, the Court finds it is reasonable to enforce the subpoena in this district.

Memorandum And Order (Doc. #12) filed December 19, 2007 at 6.  Respondents assert that jurisdiction over J Cubed is not proper merely because the NLRB's regional office happens to be in Overland Park.  They argue that J Cubed has no presence in Kansas and no contacts with Kansas. Respondents assert that jurisdiction is proper in Missouri, where they contend the inquiry is "carried on."

In NLRB v. Cooper Tire & Rubber, 438 F.3d 1198, 1201 (D.C. Cir. 2006), the D.C. Circuit set out a two-part test to determine the location of an investigative inquiry for purposes of district court jurisdiction to enforce agency subpoenas: (1) whether the location bears a sufficiently reasonable relation to the subject matter of the investigation and (2) whether the agency's choice of this location exceeds the bounds of reasonableness.  See id. (NLRB may not simply pick forum convenient to legal staff, while possibly forcing subpoenaed party to go to court in distant and inconvenient jurisdiction).  The D.C. Circuit identified several factors to consider in applying the two-part test, including the place where the agency held its hearing, the place where it made the decision to authorize the investigation, the place where the subpoenas were issued, the place where

its correspondence emanated, the place where the agency determined that unlawful actions had occurred, the location of the documents and witnesses and the location of the headquarters of the subpoenaed company. Id. (citing FEC v. Comm. To Elect Lyndon La Rouche, 613 F.2d 849, 855 (D.C. Cir. 1979)).

Respondents argue that Judge Waxse determined that jurisdiction was proper simply because the NLRB office is located within this Court's jurisdiction. A review of the record, however, reveals further facts which support jurisdiction. The NLRB issued the subpoenas in the District of Kansas and is conducting its investigation from its office in Overland Park, Kansas. Although J Cubed asserts that it has no contacts with the forum, its owners are nearly identical to the owners of MHCP, which is subject to this Court's jurisdiction. Finally, as Judge Waxse noted, the registered agent for J Cubed is located in Kansas City, Missouri, within ten miles of the NLRB Regional Office and the Court. The Court finds that jurisdiction in the District of Kansas is proper because it bears a sufficiently reasonable relation to the subject matter of the investigation and the NLRB's choice of this location does not exceed the bounds of reasonableness. The Court therefore overrules respondents' objections to jurisdiction.

**II.    Whether The Subpoenas Request Evidence Related To Matter Under Investigation**

Respondents assert that the information sought by subpoenas to MHCP and J Cubed clearly goes beyond the limits of the NLRB authority. If the NLRB issued the subpoenas for an improper purpose, or in excess of its authority, they may constitute harassment and may not be enforced in federal district court. See NLRB v. Dutch Boy, Inc., 606 F.2d 929, 931-32 (10th Cir. 1979). Here, Judge Waxse found as follows:

> In this case, the NLRB states that its preliminary investigation shows that MHCP and J Cubed are owned and managed by nearly identical individuals and are operating the

same type of business, from the same address, with the same telephone numbers used by MHAC. The Court finds the information and documents requested in the subpoenas are adequately formulated to determine whether MHAC is really out of business or whether MHCP and J Cubed are legal successors to MHAC. It is immaterial to the Court's finding of relevancy that MHAC was the only entity subject to the Eighth Circuit order and that MHCP and J Cubed were not parties to the underlying case. Again, a preliminary investigation by the NLRB shows that MHCP and J Cubed are owned and managed by nearly identical individuals and are operating the same type of business, from the same address, with the same telephone numbers used by MHAC. It is the legal successor issue that is at the heart of the NLRB's investigation at this point. As such, the Court finds that the evidence sought in the subpoenas is appropriately related to or touches on a matter under investigation.

Memorandum And Order (Doc. #12) at 7.

Respondents specifically quarrel with Judge Waxse's statement that the NLRB initial investigation found "the old and new companies were largely the same in that they had nearly identical ownership, management and business purposes." See Respondent's Reply, (Doc. #24) at 3 (quoting Memorandum And Order (Doc. #12) at 2, 7. The record contains evidence that in response to the NLRB inquiries, MHAC and Precision stated that (1) John Lambert and Jeff Lambert, two former owners of MHAC and Precision, now own MHCP and J Cubed; (2) J Cubed distributes materials and owns real estate, equipment, vehicles and tools; and (3) MHCP employees individuals who perform heating, cooling and plumbing work. Further, MHCP and J Cubed asserted that they were not liable for the unlawful actions of MHAC or Precision because the Eighth Circuit order did not specifically refer to successors and assigns of MHAC and Precision. Clearly the NLRB had reasons to suspect that MHCP and J Cubed might be alter egos or successors of MHAC and Precision.

Respondents also refute Judge Waxse's statement that MHCP and J Cubed used the same telephone numbers as MHAC. A review of the record indicates that MHAC used telephone number

(816) 942-2900 in advertisements, while MHCP uses that number only as a "roll-over" number. In other words, former customers of MHAC may contact MHCP using MHAC's old number.[3]

In any event, Judge Waxse correctly concluded that the subject matter of the investigation is whether J Cubed and MHCP are successors of MHAC. The subpoenas seek documents and information concerning the business structure, assets and customers of J Cubed and MHCP – information vital for the NLRB to determine whether J Cubed and MHCP are legal successors to MHAC. See NLRB v. G.H.R. Energy Corp., 707 F.2d 110, 113-14 (5th Cir. 1982) (to determine whether companies constitute single employer, one must look at interrelation of operations, which involves "fairly wide-ranging investigation into affairs" of companies). The Court finds that the subpoenas do not request evidence which is unrelated to the subject matter of the investigation.

## III.    Undue Burden And Overbreadth

Respondents assert that Judge Waxse erred in finding that the subpoenas were not overly broad and oppressively drawn. Where the NLRB has established that it properly issued relevant subpoenas, the Court should enforce them "unless the party being investigated proves the inquiry is unreasonable because it is overly broad or unduly burdensome." FDIC v. Garner, 126 F.3d 1138, 1143 (9th Cir. 1997). Judge Waxse correctly noted that "'[s]ome burden on subpoenaed parties is to be expected and is necessary in the furtherance of the agency's legitimate inquiry and the public interest' . . . . The question is whether the demand is unduly burdensome or unreasonably broad."

---

[3]        In response to respondents' objections, the NLRB stated that MHCP advertises that it has been serving customers in the Kansas City area for over 40 years. MHCP notes that its advertisements actually state that "*[o]ur family* has served the heating cooling needs of the greater Kansas City area for over 40 years." See Ex. 6 to Doc. #18 (emphasis added). The Court agrees with respondents that the advertisements do not materially advance the NLRB position that MHCP is a successor to MHAC.

<u>Memorandum And Order</u> (Doc. #12) at 8 (quoting <u>FTC v. Texaco</u>, 555 F.2d 862, 882 (D.C. Cir. 1977)).  The subpoenaed party must show that compliance with the subpoena "would seriously disrupt its normal business operations."  <u>EEOC v. Md. Cup Corp.</u>, 785 F.2d 471, 477 (4th Cir. 1986); <u>see</u> <u>EEOC v. Citicorp Diners Club, Inc.</u>, 985 F.2d 1036, 1040 (10th Cir. 1993).  Magistrate Waxse cited the correct standard, then reasoned as follows:

> Here, Respondents have not made the required showing of serious disruption. Respondents merely make [] the conclusory allegation they have no access to, and no responsibility for maintaining, many of the documents requested.  Such allegations do not constitute evidence that Respondents' normal business operations will be seriously disrupted if it produces the documents that are under their custody and control.  The fact that the NLRB may have included in its subpoena requests for information that Respondents do not have in their custody or control does not render the subpoena oppressively drawn.
>
> The[] Court finds the subpoenas are wide-reaching in an attempt to thoroughly explore the relationship between and among the companies.  While it would certainly be a burden for any person or entity to comply with the subpoenas, the Court finds that, under the circumstances of this case, the subpoenas are not unduly burdensome. To confirm or dispel the NLRB's suspicions that the new companies are simply disguised continuances of MHAC, the NLRB is acting reasonably and within [its] broad investigatory powers to examine relevant records and transactions.

Doc. #12 at 8-9.  In their motion to reconsider, respondents again assert that neither J Cubed nor MHCP maintain or control many of the records which the NLRB seeks.  If respondents do not have custody or control of the records, however, they can so inform the NLRB.  After a de novo review, the Court finds that respondents have not met their burden to show undue burden.

> As for overbreadth, Judge Waxse found as follows:
>
> Although the scope of the subpoenas issued are broad in terms of subject matter and time-frame, the Court finds the scope is appropriately tailored to the nature of the investigation at hand.  MHAC denies MHCP and J Cubed are legal successors in interest.  Given the complexity of the underlying issues of derivative liability of alter egos and successor employers, the NLRB must necessarily undertake a fairly wide-ranging investigation into the day-to-day affairs of these companies to make a determination on this issue.

-11-

Id. at 9.  Case law supports a finding that where the NLRB suspects that new companies are disguised continuances of another entity, a broad subpoena is not unduly burdensome.  See G.H.R. Energy Corp., 707 F.2d at 113-14 (to determine whether companies constitute single employer requires fairly wide-ranging investigation into affairs of companies).  The Court finds that the subpoenas are not overbroad.

**IV.     Abuse Of Process**

Finally, respondents assert that Judge Waxse erred in finding that the NLRB did not abuse process in issuing the subpoenas.  The party challenging the investigation bears the burden of demonstrating an abuse of process.  See United States v. Am. Target Adver., Inc., 257 F.3d 348, 354 (4th Cir. 2001).  Judge Waxse cited the correct legal standard, and then reasoned as follows:

> It is the court's process which is invoked to enforce the administrative subpoena and a court may not permit its process to be abused. Such an abuse would take place if the subpoena had been issued for an improper purpose, such as to harass the Respondents or for any other purpose reflecting on the good faith of the particular investigation.  The burden of showing an abuse of the court's process is on Respondents, and it is not met by conclusory allegations of bad faith. Here, the Court finds Respondents do not meet their burden of demonstrating abuse of process as they have failed to allege any facts alleging an improper purpose or bad faith on the part of the NLRB in issuing the subpoena.

Doc. #12 at 10 (footnotes omitted).

In support of their motion for reconsideration, respondents assert that the subpoenas are an abuse of process – "essentially a fishing expedition exploring nearly 100 topics, issues or facts." Motion To Reconsider (Doc. #22) at 7.  As noted, the NLRB is properly attempting to determine the relationship of J Cubed and MHCP to MHAC and Precision, and such an investigation of necessity involves looking at the business records and relationships of these companies.  The Court finds that respondents have not met their burden to show that the NLRB has issued the subpoenas for an

improper purpose.

     **IT IS THEREFORE ORDERED** that <u>Midwest Heating Cooling & Plumbing, LLC And</u>

<u>J. Cubed, LLC's Motion To Reconsider Memorandum And Order Dated May 20, 2008</u>, (Doc. #22)

filed May 28, 2008 be and hereby is **OVERRULED**.

     **IT IS FURTHER ORDERED that respondents shall comply with the subpoenas duces**

**tecum on or before October 3, 2008.**

     Dated this 16th day of September, 2008 at Kansas City, Kansas.

<u>s/Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Court